action. It is only negligence which results in damages that will render a defendant responsible therefor. As, therefore, the evidence fails to show any want of care in the operation of the train which caused the injury to the plaintiff, it is insufficient to sustain the verdict. Moreover, the jury was not at liberty to disregard the proof introduced by the defendant of the statements of the plaintiff respecting the manner in which he received his injuries. The testimony of the witnesses was clear and explicit that the plaintiff admitted that he was endeavoring to board a freight train which was in motion to steal a ride, and in that effort fell under the wheels of the car. The statement was natural, and the evidence of its utterance was strongly preponderating. We have had occasion at this term of the court in the case of Nutting v. Railroad Co. (Sup.) 36 N. Y. Supp. 142, to notice the disposition of juries to give verdicts against railroad corporations upon insufficient evidence, and this case is another illustration of that inclination. Here is a roving man, whose character is entirely unknown, whose testimony is entirely unsupported, who, according to the testimony of a number of witnesses, had given an account of the manner in which he was injured entirely inconsistent with that given by him in his testimony upon the trial, and yet the jury disregarded all the other evidence, and based a verdict upon his testimony alone. Instead of a preponderance of proof, which every plaintiff is bound to make, the testimony of the plaintiff was outweighed by the evidence introduced by the defendant. Under such circumstances it is our duty to interfere.

The judgment and order denying the motion for a new trial must be reversed, and a new trial granted, with costs to the defendant to abide the event. All concur.

---

(15 Misc. Rep. 66.)

### NORTHRIDGE v. ATLANTIC AVE. R. CO.

(City Court of Brooklyn, General Term. December 23, 1895.)

NEGLIGENCE—RAPID DRIVING—STREET-RAILWAY REPAIR WAGON.

The driver of a repair wagon for a street-railway company, who drives along a public street at a speed of 10 or 12 miles an hour, and runs into another vehicle, which, in turning to one side, passes in front of him, is guilty of negligence, for which the railway company is liable.

Appeal from trial term.

Action by William A. Northridge against the Atlantic Avenue Railroad Company. From a judgment entered on a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.

Chas. S. Taber, for respondent.

CLEMENT, C. J. When the testimony offered by plaintiff was finished, a motion was made to dismiss the case, which motion was denied, and an exception was taken. It was not renewed at the close of the case. We are of opinion that it would clearly have been error to grant the motion.

Our attention has been called only to one other exception. The objection was put upon the ground that the question was argumentative, leading, and assuming facts which may not have been established. The question was certainly not objectionable on the grounds stated.

The learned counsel for the company contend that the verdict was against the weight of evidence, but we cannot so hold. We think that the driver of the repair wagon was grossly negligent; on his own testimony. He claimed that he was driving on the northerly track of the railroad on Atlantic avenue, and that the plaintiff was driving in front of the repair wagon, but outside the track. We quote from his testimony:

"He was on the right-hand side of me, and he drove in, cut across to the butcher's store to go down Bond street, and my right-hand horse and whiffletree caught his wagon. I was not, when he turned in it, more than fifteen to twenty feet behind him. I was driving ten or twelve miles an hour,—pretty lively for a team of horses. The wagon is twelve hundred. There were four men,—about six more hundred; about a ton, altogether, I guess, including the material."

We have seen, in our city streets, for many years, fire engines drawn by galloping horses. When an alarm is sounded, as agents of the state, the firemen have, perhaps, the right of way. We also often see ambulances speeding to the relief of the injured, and at the same time terrifying foot travelers, who, by activity, manage to save themselves from injury. Since the introduction of electric railways in this city, we also often see repair wagons with clanging bells, and drawn by horses at full speed. Our attention has been called to no law which gives the repair wagon of a railway company a right of way over any other vehicle, or which authorizes the galloping of the horses attached to it through the streets, or which permits the clanging of the bell as a warning that vehicles or individuals should turn out. If the railway companies have no respect for the law, they cannot complain if they are held liable by juries for all damages which result from their negligence, and from its willful violation. The law requires that every one who uses the streets shall do so carefully. The testimony in this case shows conclusively that the repair wagon was driven on Atlantic avenue at a reckless rate of speed, and that by reason thereof the plaintiff was thrown out of his wagon and severely injured.

It is also claimed by the counsel for the company that the verdict is against the weight of evidence, on the ground that the plaintiff was himself negligent. The testimony offered on the side of the plaintiff tended to show that the plaintiff was driving on the northerly track, and that the repair wagon was following on the same track. The witnesses for the plaintiff do not agree whether or not the plaintiff was turning off, in a southerly direction, to enter Bond street; but it is clear, from the way the collision occurred, that the plaintiff had only slightly turned at the time, if at all. The driver of the repair wagon, seeing the vehicle in front of him driving slowly, turned his horses to the left, with the intention of passing the plaintiff. No collision would have occurred if the plaintiff

had kept on, but, as he reached the street where he intended to go, he may have turned his wagon slightly. The repair wagon was moving very rapidly, and, no doubt, could not then be stopped in time to avoid the collision. If the driver of the repair wagon had been driving at a reasonably safe rate of speed, no collision could have taken place. The theory of the defense was that the plaintiff was driving alongside of the track, and that he turned suddenly to the south, that the repair wagon was driving in the track, and that the wagon of plaintiff cut him off, and thereby a collision was inevitable. The fact that the repair wagon was driven on after the collision shows that the wagon of plaintiff had only turned slightly. It would seem that a person driving a wagon in a street has the right to turn off in a side street, even if a wagon is behind him, and is not bound to anticipate that the wagon in the rear will turn off suddenly and run him down; and he is not bound to know that the driver of the rear wagon is driving at a reckless rate of speed. If the plaintiff was bound to anticipate that the driver of the repair wagon might turn to the left suddenly when he (plaintiff) began so to do, then the driver of the repair wagon was equally bound to anticipate that the plaintiff might turn also suddenly at the cross street, and should have slowed down in order to avoid injury to the wagon of plaintiff. The rule that a person driving on a track of a street railway is bound to look around occasionally, and see if a car is approaching, has no application to this case. A repair wagon is not a street car, and is not confined to the tracks. A street car can only be moved on the tracks, and therefore the cars of a railroad company have a paramount right of way over wagons. The driver of a wagon used by a railroad company has the same rights as the driver of a wagon used by an individual,—no more and no less. If a driver turns off a straight course, he necessarily slows down his horse, and is not negligent, as matter of law, if he does not see a wagon which is driven in the rear. If the repair wagon was not in the rear, as claimed by the company, then, of course, the plaintiff should not have driven suddenly in front of it, though, even then, under the circumstances of this case, we are not prepared to say that the question should not be passed upon by the jury. These two theories are correctly set forth in the charge of the learned trial judge, and the jury found in favor of the plaintiff.

Judgment and order denying new trial affirmed, with costs.